BEVERIDGE, Respondent, v. BAILEY, et al, Appellants.

(220 N. W. 868.)

(File No. 6539. Opinion filed August 10, 1928.)

For original opinion, see 220 N. W. 462.

*J. H. Voorhees* and *T. M. Bailey,* of Sioux Falls, for Appellants.

*Danforth & Barron,* of Sioux Falls, for Respondent.

BURCH, P. J. On the 30th of June opinion was filed in this case, and is reported in 220 N. W. 462. An application for a re-

hearing is now before us, and because of its apparent sincerity and the earnest manner in which it is argued we explain the position of the court in denying the application.

It is claimed that we must have overlooked the fact that a large part of the property willed to respondent was jointly owned by the McKinneys at the time the will was made. It is then vigorously argued that that fact is sufficient to show a joint will, and to establish a contract in favor of respondent. We did not overlook the fact, but did not consider it necessary to mention it in the opinion, except as it appeared in the will set out. Neither do we now think it important. A careful reading of the opinion will disclose that it is the character of the disposition of the property, and not the character of its title, which must be considered in gathering the intent of the testators. No property, whether owned jointly or severally, was attempted to be given by both to respondent or any one after the death of both. On the contrary, Dennis McKinney gave all his property without limitation to his wife in the event she survived him. She survived him, and therefore took under the will an unlimited right. Because he at the same time willed that respondent should receive certain property if she did not survive him is no evidence that he wanted respondent to have anything if she did survive. By giving it to his wife, he necessarily excluded respondent and gave him nothing. Thereafter, if respondent were to get anything, it must be through the wife's will. True, she made one at the time in a sense favorable to him; that is, if she had not changed it, he would have received something as events occurred, but when it was made she gave the property to her husband in the event he survived her. If he had survived, respondent could have taken nothing from her will, but would have had to depend wholly on the favor of her husband. So, at the inception of the joint wills, each left to the other the sole power of final disposition. There is no evidence of a desire on the part of either to control the final disposition of the survivor.

Our opinion stressed the need of some language to evidence the intent, and we pointed out, as we thought clearly, that the language in the opinions relied upon by respondent as evidence of the contract was a *joint* disposition of the property effective *after the death of the survivor*. Nowhere in the joint mutual wills of the McKinneys are there any words in any way jointly directing a dis-

position of the property after the death of the survivor, but each acts separately, and leaves the final disposition wholly to the individual will of the survivor. It may be that, if the alternative provisions of Emma McKinney's will had been different, Dennis McKinney would not have liked it, and again it may be that it would have been entirely satisfactory. We cannot establish a contract on a guess. If they wanted to bind each other to their respective wills as written, they should have indicated it in some appropriate manner.

Respondent's citations in his brief were carefully considered in our former opinion, and, with the exception of the Oregon case, Stevens v. Myers, 91 Or. 114, 177 P. 37, none of them supports his contention. Now he cites by letter another case, In re Lage (D. C.) 19 F. (2d) 153, which he claims is in point. On the most cursory examination we find the will involved made a joint disposition of the property after the death of the survivor. In the letter citing the case respondent's counsel say:

"It also provides, just as the McKinney will, that the survivor make certain specific bequests and then a residuary bequest."

The alternative provisions of the McKinney will are not residuary bequests. They are operative only in the event that the one to whom the bequest is made dies, and by their terms inoperative in the event the preferred beneficiary does not die. Mrs. McKinney lived, and the alternative provision became void by its terms. The legal effect is the same as if he had said:

"If my wife survives me, I want her to have the property absolutely, to do with as she please, and I give nothing to respondent."

The wife's will makes a similar provision in the event her husband survives her. Such provisions are no evidence of an agreement not to revoke the alternative provision remaining in the will of the survivor after the same provision as to the other has been revoked by death. Such language conveys a different meaning than if each had said, or they had jointly said, that after the death of both of us we give to respondent.

Being satisfied that respondent's position has already received careful consideration, and that nothing can be gained by further argument, a rehearing is denied.

POLLEY, CAMPBELL, and BROWN, JJ., concur.

SHERWOOD, J., not participating.